FILED

2016 DEC 23  PM 3: 10

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

HOLDING COMPANY OF THE
VILLAGES, INC.,

        Plaintiff,

Case No.: 5:16-cv-738-Oc-30PRL

v.

CORNERSTONE AUDIO VIDEO
INTEGRATION, LLC and DARRELL G.
LEE,

        Defendants.

_____/

## COMPLAINT

Plaintiff, Holding Company of The Villages, Inc. ("Holding Company") files this Complaint against Defendants Cornerstone Audio Video Integration, LLC and Darrell G. Lee.

## JURISDICTION AND VENUE

1.    This is an action for monetary, injunctive, and declaratory relief arising under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Anticybersquatting Consumer Protection Act, 15. U.S.C. § 1125(d), the trademark and consumer protection laws of Florida, Fla. Stat. § 495.001 *et seq.*, and under common law.

2.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because this action arises under the laws of the United States; specifically under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*  The Court can exercise supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367(a).

3.    The Court has personal jurisdiction over Defendants because they reside in Florida.

4.    Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b)(2)

1

because a substantial part of the events or omissions alleged in this complaint occurred in this District.

5.     Venue is proper in the Ocala Division under Local Rule 1.02(b)(2) and (c) because the counties with the greatest nexus with this case are Sumter County, Lake County, and Marion County.

## PARTIES

6.     Holding Company is a Florida corporation with its principal place of business at 1020 Lake Sumter Landing, The Villages, Florida 32162.

7.     Holding Company, its predecessors, and its affiliated companies (jointly "The Villages Companies"), are the developers of The Villages® community located in central Florida.

8.     The Villages Companies are engaged in, among other services, the business of real estate sales, construction, and development, and providing home repair, improvement, and renovation services.

9.     Defendant Darrell G. Lee ("Lee") is a resident of the State of Florida.

10.    Lee does business through a Florida limited liability company, Cornerstone Audio Video Integration, LLC, with its principal place of business at 1255 La Quinta Drive, Orlando, Florida, 32809 ("Cornerstone").

11.    Cornerstone is registered with the Florida Department of State, Division of Corporations, under Registration Number L07000091901.

12.    Defendants are engaged in the business of providing home theater and home automation services, and corresponding installation services, for residential properties.

13.    Defendants offer and promote their services in interstate commerce.

14.    Defendants market their services to residents of The Villages® community.

2

15.     Cornerstone has provided services to residents of The Villages® community.

16.     Cornerstone has provided services to consumers in Lake, Sumter, and Marion Counties, Florida.

## HOLDING COMPANY AND ITS TRADEMARKS

17.     The Villages Companies construct residential homes and commercial properties, and provide real estate sales, leasing, property management, and brokerage services in Lake, Sumter, and Marion Counties, Florida.

18.     The services provided by The Villages Companies include home repair and home renovation services, in addition to construction of new homes.

19.     Holding Company owns the trademarks and service marks used by The Villages Companies, all of which are affiliated entities or licensees.

20.     The Villages Companies promote and sell construction services, and other services, under the trademarks THE VILLAGES and The Villages  (the "Marks").

21.     Holding Company is the owner of the trademark rights in and to the Marks.

22.     The Villages Companies have used the Marks substantially and continuously, since at least as early as July 1992.

23.     Since adopting the Marks, The Villages Companies have spent significant sums to advertise and promote their goods and services using the Marks.

24.     The Villages Companies' marketing and promotion efforts include television, newspaper, magazine, and outdoor advertising.

25.     The Villages Companies also promote their goods and services through an interactive website located at the domain name <thevillages.com> ("The Villages Website").

3

26.     The Villages Website offers information, maps, and contact information regarding The Villages® community and its facilities, as well as other information of interest to residents and prospective residents alike.

27.     The Marks are widely recognized by consumers as being associated with the high quality real estate and construction services, and other goods and services, offered by The Villages Companies.

28.     The Villages Companies have achieved significant commercial success in connection with their use of the Marks.

29.     Through The Villages Companies' efforts, the Marks have become famous as designators for the source of goods and services provided by The Villages Companies.

30.     Through longstanding use of the Marks, The Villages Companies have acquired valuable common law trademark rights in the Marks for a variety of goods and services.

31.     In recognition of Holding Company's exclusive rights to use the Marks in commerce in the United States, the United States Patent and Trademark Office has issued no less than 22 federal trademark registrations that comprise or include THE VILLAGES as of the date of this complaint.

32.     The federal trademark registrations owned by Holding Company include, without limitation:

4

| Mark | Reg. No. | Registration Date | Good/Services | Date of First Use |
|---|---|---|---|---|
| THE VILLAGES | 2,614,700 (Incontestable) | 9/3/2002 | IC 37: Residential retirement home real estate construction and development | 7/1/1992 |
| The Villages | 4,468,815 | 1/21/2014 | IC 37: Building construction services; Real estate development services in the field of retirement communities | 7/1/1992 |

33.    The declaration required by 15 U.S.C. § 1065(3) for Registration No. 2,614,700 was filed with the United States Patent and Trademark Office on March 3, 2008, and accepted on March 20, 2008.

34.    Registration No. 2,614,700 for THE VILLAGES is incontestable pursuant to 15 U.S.C. § 1065.

35.    Holding Company's predecessor in interest coined the term THE VILLAGES when they began developing The Villages® community.

36.    The term THE VILLAGES was not used in connection with the area in which The Villages® community is located prior to the development of that community by The Villages Companies.

37.    The Marks are inherently distinctive as designators of the source of residential retirement home real estate construction and development services, and other goods and products, provided by The Villages Companies.

38.    To the extent it is argued that the Marks are descriptive, the Marks have acquired distinctiveness and have achieved secondary meaning in consumers' minds as to the source of goods and services offered by The Villages Companies.

5

39.     The Villages® community is widely known throughout the United States and the Marks are famous both in the state of Florida and throughout the U.S.

40.     In addition to construction and real estate services, The Villages Companies offer other goods and services in connection with the Marks.

41.     Through widespread and favorable public acceptance and recognition, the Marks are assets of substantial value to Holding Company as symbols of its quality services, quality goods, and related goodwill.

42.     When consumers, including without limitation residents of The Villages® community, see THE VILLAGES, it invokes the reputation and goodwill created by The Villages Companies and leads consumers to believe that the goods and services being offered are provided by, or associated with, The Villages Companies.

### INFRINGEMENT BY DEFENDANTS

43.     On information and belief, Lee is the owner and manager of Cornerstone Audio Video Integration, LLC.

44.     On information and belief, Cornerstone Audio Video Integration, LLC is sometimes promoted as, and known by, the name "The Villages Home Theater."

45.     Defendants provide and promote home theater installation and home automation services in Lake, Sumter, and Marion Counties, Florida.

46.     Home theater installation and home automation are commonly performed as part of constructing a new home or as part of a home renovation project.

47.     Despite Defendants' use of the name "The Villages Home Theater," The Villages Companies have never subcontracted to Defendants to perform home theater installation or home automation services in connection with The Villages® Community or otherwise.

6

48.     Defendants provide and promote home theater and home automation services in the same geographic location of, or in close geographic proximity to, The Villages® community.

49.     On information and belief, Cornerstone, sometimes promoted by the name "The Villages Home Theater," provides and promotes home theater and home automation services to residents of The Villages® community.

50.     Defendants own and control the domain names <the-villages-home-theater.com> and <thevillageshometheater.com>.

51.     At times prior to the filing of this complaint, Defendants operated a website at the domain name <thevillageshometheater.com>.

52.     After being contacted repeatedly by Plaintiff, Defendants moved their website the domain name <cornerstoneavi.com>.

53.     As of the date of this complaint, however, the domain names <thevillageshometheater.com> and <the-villages-home-theater.com> each redirect to Defendants' website at <cornerstoneavi.com>.

54.     On the website, Defendants advertise various home theater and home automation services for residential customers, including custom installation of speakers, projectors, televisions, and home automation equipment.

55.     Previously, Defendants repeatedly referred to Cornerstone Audio Video Integration, LLC as "The Villages Home Theater" on the website.

56.     On May 5, 2016, Holding Company sent a demand letter explaining the trademark violations alleged herein and demanding that Defendants cease and desist from all further use of THE VILLAGES in connection with any goods or services offered by Defendants.

57.     After Holding Company contacted Defendants regarding trademark concerns,

7

Defendants reduced the number of "The Villages Home Theater" references on the website.

58.    However, defendants maintained some references to Cornerstone as "The Villages Home Theater."

59.    At times relevant to this Complaint, Defendants' website included the statement: "The Villages Home Theater and Technology Experts."

60.    On information and belief, Defendants additionally promoted Cornerstone Audio Video Integration, LLC through social media websites, including Facebook, by using the hashtag "#thevillageshometheater."

61.    Holding Company has never granted Defendants permission to use its trademarks in the promotion of Defendants' business.

62.    Defendants have marketed their home theater and home automation services by using advertisements and marketing materials that use "The Villages."

63.    Defendants have promoted their services by posting yard signs including, on information and belief, in or around The Villages® community, that read "The Villages Home Theater" and provide the domain name "the-villages-home-theater.com."

64.    The yard signs posted by Defendants suggest a relationship between The Villages Home Theater and The Villages® community when no such relationship exists.

65.    The signs used by Defendants do not include any disclaimer.

66.    Home theater and home automation services are a type of construction service.

67.    The mark "The Villages Home Theater" merely adds generic or descriptive terms to Plaintiff's registered trademark "The Villages."

68.    Because the only differences between "The Villages Home Theater" and "The Villages" are the generic or descriptive terms for the services being offered, there is a likelihood

8

of confusion between "The Villages Home Theater" and "The Villages" in connection with construction services.

69.    Because of the similarities between "The Villages Home Theater" and the Marks, consumers are likely to be confused regarding the source of the goods and services offered by Defendants.

70.    On information and belief, Defendants' use of the trade name "The Villages Home Theater" has caused actual confusion among consumers in The Villages® community.

71.    Defendants' actions are likely to cause confusion, mistake, or deception as to the source of Defendants' goods and services, and are likely to falsely suggest a sponsorship, connection, license, or association between Defendants and The Villages Companies, and/or will direct, or have directed, windfall profits to Defendants due to the confusion caused by their use of trademarks similar to the Marks.

## BAD FAITH USE OF A CONFUSINGLY
## SIMILAR DOMAIN NAME BY DEFENDANTS

72.    Defendants use a website accessible through the domain names <the-villages-home-theater.com> and <thevillageshometheater.com> to promote their home theater and home automation services.

73.    <thevillageshometheater.com> merely adds, "home theater," and ".com" to "thevillages."

74.    <the-villages-home-theater.com> merely add "home-theater", hyphens, and ".com" to "thevillages."

75.    <the-villages-home-theater.com> and <thevillageshometheater.com> are confusingly similar to the Marks.

76.    <the-villages-home-theater.com> and <thevillageshometheater.com> are also

9

confusingly similar to the domain name <thevillages.com> used by The Villages Companies in connection with their own website.

77.     The domain name <thevillages.com> has been used by The Villages Companies since before 2012.

78.     The Villages Companies have common law trademark rights in "thevillages.com."

79.     On information and belief, Defendants sought to register <the-villages-home-theater.com> and <thevillageshometheater.com> in bad faith in an effort to free ride on the fame of The Villages® community, the Marks, and <thevillages.com>, and to misappropriate the goodwill associated with the Marks.

80.     As an additional act of bad faith, Lee communicated to the undersigned counsel an offer to the domain name <the-villages-home-theater.com> in exchange for an "asking price" of $250,000.

81.     In a futile effort to conceal his infringing activities, Lee has attempted to prevent the undersigned counsel from accessing his website by blocking the IP address of the undersigned law firm and Holding Company.

82.     Defendants continue to use the infringing domain name in connection with a website that promotes their home theater and home automation services.

83.     Defendants' home theater and home automation business is a commercial enterprise.

### DEFENDANTS ACTED WILLFULLY AND INTENTIONALLY

84.     Defendants are not affiliated with The Villages Companies.

85.     Defendants are not licensed by The Villages Companies.

10

86.   Defendants are not endorsed by The Villages Companies.

87.   Defendants are aware of The Villages® community.

88.   Defendants were aware of The Villages® community prior to referring to themselves as "The Villages Home Theater."

89.   The Marks were famous prior to the date Defendants began referring to themselves as "The Villages Home Theater" and adopting the domain names <thevillageshometheater.com> and <the-villages-home-theater.com>.

90.   On information and belief, Defendants selected "The Villages Home Theater," at least in part, in an effort to evoke thoughts of The Villages® community in the minds of actual and prospective customers.

91.   Prior to filing this complaint, Holding Company demanded that Defendants cease infringement of the Marks.

92.   Despite Plaintiff's demand, Defendants continue to use "The Villages," "The Villages Home Theater," <thevillageshometheater.com>, and <the-villages-home-theater.com>.

93.   On information and belief, Defendants have entered into agreements that cause links to their website to appear when internet users search for "home theater" in connection with "The Villages."

94.   Defendants' selection and use of "The Villages," "The Villages Home Theater," <thevillageshometheater.com> and <the-villages-home-theater.com> were, and continue to be, intentional.

95.   Defendants' actions were, and continue to be, willful.

96.   At least because Defendants continue to use infringing marks and trade names despite knowledge of actual confusion, and intentionally market to residents of The Villages®

11

community using infringing marks and trade names, and attempting to hide their activities by blocking Plaintiffs' and its counsel's IP addresses, Defendants' acts make this an exceptional case.

## DAMAGES CAUSED BY DEFENDANTS

97.     Defendants' conduct has caused and, unless permanently enjoined, will continue to cause, irreparable injury to Holding Company in the form of lost goodwill, diminished reputation, and increased costs.

98.     On information and belief, Defendants have led customers to believe that they were affiliated with, or endorsed by, The Villages Companies in connection with providing services under "The Villages Home Theater."

99.     Defendants' conduct has diluted and, unless permanently enjoined, will continue to dilute, the distinctive quality of the Marks.

100.     The threatened continued injury to Holding Company outweighs whatever damage the proposed injunction may cause Defendants, because Defendants have no legitimate interest in the continued use of trade names, domain names, and marks confusingly similar to Holding Company's marks.

101.     The public interest will be furthered by the granting of a permanent injunction because trademark laws were designed to prevent consumer confusion.

102.     Holding Company has retained the law firm of Carlton Fields Jorden Burt, P.A. to enforce its rights in this matter, and it has agreed to pay said firm a reasonable attorneys' fee for their services herein.

## COUNT I
## TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114(1)

103.     Holding Company repeats and realleges the allegations set forth in Paragraphs 1

12

through 102 above as if fully set forth herein.

104.    Defendants have reproduced, copied, or imitated Holding Company's federally registered and incontestable trademark THE VILLAGES by selling, offering for sale, and advertising its goods and services through The Villages Home Theater and using the domain names <the-villages-home-theater.com> and <thevillageshometheater.com>.

105.    Defendants have reproduced, copied, or imitated Holding Company's federally registered trademark The Villages by selling, offering for sale, and advertising services under The Villages Home Theater and using the domain names <the-villages-home-theater.com> and <thevillageshometheater.com>.

106.    Defendants' use of the Marks in connection with the sale and promotion of home theater and home automation services is likely to cause confusion, mistake, or deception of the public as to the origin, sponsorship, or approval of these services.

107.    Defendants' intentional and deliberate actions constitute willful infringement of Holding Company's federally registered trademarks, particularly considering that Defendants are aware of the likelihood of confusion and continue to use the infringing domain names.

108.    Defendants' intentional and deliberate actions, including continuing use of its mark to market directly to residents and potential customers in The Villages® community after being made aware of its infringements, make this an exceptional case.

109.    By reason of Defendants' conduct, Holding Company has been damaged.

110.    Defendants' conduct has enabled them to earn profits to which they are not in law, equity, or good conscience entitled, and which have unjustly enriched them, all to Defendants' profit and Holding Company's detriment.

111.    By reason of Defendants' willfulness, Holding Company is entitled to enhanced

109265002.4

damages as permitted under statute.

112. By reason of the exceptional nature of this case, Holding Company is entitled to recover its reasonable attorneys' fees in this matter.

113. By reason of the irrevocable harm done to Holding Company by the use of an infringing mark, Holding Company is entitled to injunctive relief preventing further use of VILLAGE or VILLAGES in any trademark, service mark, trade name, domain name, or social media account used by Defendants.

114. Holding Company is entitled to a declaration declaring that Defendants' use of that trademark and trade name infringes Holding Company's trademark rights.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING – 15 U.S.C. § 1125

115. Holding Company repeats and realleges the allegations set forth in Paragraphs 1 through 102 above as if fully set forth herein.

116. Defendants' actions in adopting trademarks, trade names and domain names that are confusingly similar to the Marks are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' services, including home theater and home automation installation, and thus constitute false designation of origin in violation of 15 U.S.C. § 1125(a)(l)(A).

117. Defendants' use of The Villages Home Theater in their advertising also constitutes false and misleading advertising by misrepresenting the nature, characteristics, and/or qualities of its services, in violation of 15 U.S.C. § 1125 (a)(l)(B) at least because The Villages Home Theater is not associated with, or endorsed by, The Villages Companies.

118. By reason of Defendants' false designation, and false, misleading advertising, Holding Company has been damaged.

14

119.    Defendants' false designation, and false, misleading advertising, have enabled them to earn profits to which they are not in law, equity, or good conscience entitled, and which have unjustly enriched them, all to Defendants' profit and Holding Company's detriment.

120.    By reason of Defendants' willful actions, Holding Company is entitled to enhanced damages as permitted under statute.

121.    By reason of the exceptional nature of this case, Holding Company is entitled to recover its reasonable attorneys' fees in this matter.

122.    By reason of the irrevocable harm done to Holding Company as a result of Defendants' false designation, and false, misleading advertising, Holding Company is entitled to injunctive relief preventing further use of VILLAGES and THE VILLAGES in advertising done by Defendants in connection with The Villages Home Theater.

## COUNT III
## TRADEMARK DILUTION – 15 U.S.C. § 1125(c)

123.    Holding Company repeats and realleges the allegations set forth in Paragraphs 1 through 102 above as if fully set forth herein.

124.    The Marks have been used, advertised, and promoted extensively by The Villages Companies since at least as early as 1992 in connection with construction services for residential homes for retirees and a variety of other goods and services.

125.    THE VILLAGES is famous and well known throughout Florida and the United States.

126.    Defendants provide services other than home construction services through The Villages Home Theater.

127.    Home theater installation and home automation installation is commonly done as part of new home construction.

15

128. Defendants' use of The Villages Home Theater in connection with such other services is likely to cause dilution to Holding Company's famous marks, in violation of 15 U.S.C. § 1125(c).

129. Such dilution will continue and worsen unless permanently enjoined by the Court.

130. Defendants were aware of the fame of the Marks prior to adopting their "The Villages Home Theater."

131. Defendants began using their use of "The Villages Home Theater" after the Marks became famous.

132. Defendants have used THE VILLAGES and "The Villages Home Theater" in commerce and in advertising seen throughout Florida and the United States.

133. To the extent Defendants have used THE VILLAGES, and "The Villages Home Theater," for services other than "[r]esidential retirement home real estate construction," Holding Company has been damaged at least because such use dilutes the distinctive quality of the Marks.

134. Defendants' conduct has enabled them to earn profits to which they are not in law, equity, or good conscience entitled, and which have unjustly enriched them, all to Defendants' profit and Holding Company's detriment.

135. Defendants' use of domain names, advertising, marks and trade names that dilute the distinctive quality of the Marks was willful.

136. By reason of the irrevocable harm done to Holding Company as a result of Defendants' dilution of Plaintiff's famous marks, Holding Company is entitled to injunctive relief preventing further use of VILLAGES and THE VILLAGES in advertising done by Defendants in connection with The Villages Home Theater.

16

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

137. Holding Company repeats and realleges the allegations set forth in Paragraphs 1 through 102 above as if fully set forth herein.

138. Holding Company has common law rights in the Marks and in the domain name <thevillages.com>.

139. Defendants have infringed Holding Company's common law rights in the Marks and the domain name <thevillages.com> by selling, offering for sale, and advertising services under the mark "The Villages Home Theater," using the trade name "The Villages Home Theater," using the domain names <thevillageshometheater.com> and <the-villages-home-theater.com>, using hashtags and social media identifiers that incorporate Holding Company's marks, and purchasing advertising keywords intended to direct consumers looking for information about The Villages Companies to instead be presented with information about Cornerstone.

140. Defendants' uses of VILLAGES and THE VILLAGES in promotion of Defendants' goods and services are likely to confuse consumers who understand VILLAGES and THE VILLAGES to be an indication of the source of goods and services manufactured, offered, provided, or endorsed by The Villages Companies.

141. Defendants' conduct constitutes common law trademark infringement, misappropriation of Holding Company's goodwill, and unfair competition under the common law of Florida, by reason of which Holding Company has suffered and will continue to suffer irreparable injury.

142. Defendants unfairly profited from their infringement and misappropriation activities.

17

## COUNT V
## TRADEMARK DILUTION – FLA. STAT. § 495.151

143.    Holding Company repeats and realleges the allegations set forth in Paragraphs 1 through 102 above as if fully set forth herein.

144.    THE VILLAGES has been used, advertised, and promoted extensively by The Villages Companies for years and is a famous mark known throughout Florida in connection with a range of goods and services.

145.    Defendants' use of the mark "The Villages Home Theater," the trade name "The Villages Home Theater," the domain names <thevillageshometheater.com> and <the-villages-home-theater.com>, advertising keywords involving "The Villages," and social media identifiers involving "The Villages" occurred after the Marks became famous.

146.    Defendants' use of trademarks and trade names similar to the Plaintiff's marks is likely to cause dilution to Holding Company's famous marks, in violation of Fla. Stat. § 495.151, and such dilution will continue and worsen unless enjoined by the Court.

147.    By reason of Defendants' dilution, Holding Company has been damaged.

148.    Defendants' conduct has been willful and has enabled them to earn profits to which they are not in law, equity, or good conscience entitled, and which have unjustly enriched them, all to Defendants' profit and Holding Company's detriment.

## COUNT VI
## VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT – 15 U.S.C. § 1125(d)

149.    Holding Company repeats and realleges the allegations set forth in Paragraphs 1 through 102 above as if fully set forth herein.

150.    The Marks are famous, at least in the field of construction services.

151.    The Marks are federally registered and protected trademarks of Holding

18

Company.

152.    As affiliated companies and licensees of Holding Company, The Villages Companies own the domain name <thevillages.com> and other "villages" domain names that they use in connection with the provision and promotion of a variety of goods and services, including construction services.

153.    Defendants use the domain names <thevillageshometheater.com> and <the-villages-home-theater.com> in connection with the operation of Cornerstone Audio Video Integration, LLC, which is sometimes advertised under the name "The Villages Home Theater."

154.    <the-villages-home-theater.com>     and     <thevillageshometheater.com>     are confusingly similar to the Marks and the domain name <thevillages.com>.

155.    On information and belief, Defendants caused the domain names <the-villages-home-theater.com> and <thevillageshometheater.com> to be registered with prior knowledge of The Villages® community and the Marks, and did so with a bad faith intent to profit from the Marks.

156.    On information and belief, Defendants sought to register <the-villages-home-theater.com> and <thevillageshometheater.com> in bad faith in an effort to free ride on the reputation and fame of The Villages® community, the Marks, and <thevillages.com>, to misappropriate the goodwill associated with the Marks, and to divert consumers from <thevillages.com>.

157.    As an additional act of bad faith, Lee communicated to the undersigned counsel an offer to discontinue his use of the domain name <the-villages-home-theater.com> in exchange for an "asking price" of $250,000.

158.    In an effort to conceal Defendants' infringing activities, Lee has attempted to

19

prevent the undersigned counsel from accessing his website by blocking the IP address of the undersigned law firm.

159.    Defendants'    use    of    <the-villages-home-theater.com>    and <thevillageshometheater.com> constitutes cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

160.    Defendants' conduct has enabled it to earn profits to which it is not in law, equity, or good conscience entitled, and which have unjustly enriched it.

161.    Holding Company has been damaged by Defendants' use of <the-villages-home-theater.com> and <thevillageshometheater.com>, and such damage will continue unless enjoined by this Court.

WHEREFORE, Holding Company requests the Court grant the following relief:

(a) Entry of an Order awarding permanent injunctive relief to enjoin all infringing use by Defendants of the Marks and marks confusingly similar thereto, including but not limited to their use of THE VILLAGES, The Villages, The Villages Home Theater, and the domain names <the-villages-home-theater.com> and <thevillageshometheater.com>;

(b) A declaration declaring that Defendants' actions infringed the rights of Holding Company and diluted the distinctive quality of the Marks;

(c) Entry of an Order directing the destruction of Defendants' advertising and promotional materials and signage bearing VILLAGES or THE VILLAGES;

(d) Entry of an Order requiring Defendants to provide an accounting of profits, sales, and contracts made, or to be made, arising from its infringing use, dilution, unfair competition, and other wrongful acts;

20

(e) All remedies permitted by 15 U.S.C. §§ 1117, 1125 including, but not limited to, recovery of Defendants' profits, Holding Company's damages (as may be trebled), and Holding Company's reasonable attorneys' fees and costs;

(f) All remedies permitted by Fla. Stat. § 495.151, including, but not limited to, recovery of Defendants' profits, Holding Company's damages (as may be trebled), Holding Company's reasonable attorneys' fees, and the costs of this action;

(g) All remedies permitted by Florida common law including, but not limited to, a declaration of Defendants' infringing use, recovery of Defendants' profits, Holding Company's damages, an injunction preventing further infringements, and Holding Company's reasonable attorneys' fees, and the costs of this action;

(h) Entry of an Order awarding permanent injunctive relief to enjoin all infringing use by Defendants of the domain name <the-villages-home-theater.com> and any other confusingly similar domain names, advertising keywords, or social media identifiers;

(i) Entry of an Order directing the transfer of the domain names <the-villages-home-theater.com> and <thevillageshometheater.com> to Holding Company;

(j) Entry of an Order requiring Defendants to provide an accounting of profits, sales, and contracts made, or to be made, arising from their infringing use of the domain names <the-villages-home-theater.com> and <thevillageshometheater.com> and recovery thereof by Holding Company, together with Holding Company's reasonable attorneys' fees and costs;

(k) A trial by jury on all issues so triable; and

(l) Such further relief as the Court deems just and proper.

21

Dated December 22, 2016

Respectfully submitted:

**CARLTON FIELDS JORDEN BURT, P.A.**

William Giltinan (FBN: 27810)
wgiltinan@carltonfields.com
IPLIT@carltonfields.com
Shaun Hargadine (FBN: 116703)
shargadine@carltonfields.com
Caycee Hampton (FBN: 100922)
champton@carltonfields.com
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, FL 33607
Tel: 813-223-7000
Fax: 813-229-4133

*Counsel for Plaintiff, Holding Company of The Villages, Inc.*

109265002.4